IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY FLAMER** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 25-CV-3079** |
| | : | |
| **MITCHELL**, *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                           JUNE 24, 2025

Jeffrey Flamer, proceeding *pro se*, filed a Complaint naming two Defendants, "Mitchell" and "Hanky" who appear to be Philadelphia Police Officers. Flamer also seeks leave to proceed *in forma pauperis*. For the following reasons, leave to proceed *in forma pauperis* is granted and the Complaint will be dismissed.

**I.     FACTUAL ALLEGATIONS**[1]

Flamer's allegations are brief. In the complaint, Flamer claims that on May 19, 2025, at approximately 2:31 a.m., he was sitting in his car with a female friend when Hankey and Mitchell drove up and shined a spotlight into his car. (Compl. at 3.) He exited his car to "figure out why." (*Id.*) Hankey and Mitchell "immediately grabbed [him] and then slammed [him] into the back of [the] car." (*Id.*) He was gripped by his neck and handcuffed very tightly, which caused swelling and scars. (*Id.*) He was placed in a police vehicle and taken to a hospital where he was treated for bleeding wrists, bruises to his back and legs, and a headache. (*Id.* at 3-4.) Flamer seeks money damages. (*Id.* at 4.)

---

[1]     The factual allegations are taken from Flamer's Complaint (ECF No. 2), which consists of the form available for unrepresented litigants to file a complaint. The Court adopts the sequential pagination supplied by the CM/ECF docketing system. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.

## II. STANDARD OF REVIEW

The Court grants Flamer leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the early stage of the litigation, the court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Flamer is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law,

irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

When allowing a plaintiff to proceed *in forma pauperis* the court must also review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for the court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III. DISCUSSION

Here, Flamer does not identify the nature of the claims he seeks to assert against the Defendants. Given that they appear to be police officers, the Court understands Flamer to be asserting constitutional and perhaps state law claims based on the use of excessive force. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

A. **Constitutional Excessive Force Claims**

A constitutional claim of excessive force that occurs during an arrest is governed by the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]"); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test."). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)).

Flamer's brief statement of facts are insufficient to allege a plausible constitutional claim for excessive force because he fails to allege any details about the need for force, such as the reason for the stop, whether there was any immediate threat to the safety of the officers, and – particularly since he states that he left his vehicle – whether he was actively resisting arrest and/or attempting to evade arrest. In short, he has failed to allege the circumstances surrounding the incident that indicate whether the force used was objectively reasonable based on the totality of the circumstances.

B. **State Law Claims**

It is also possible that Flamer seeks to allege state law claims based on the incident he describes. However, having dismissed his federal law claims, the Court will not exercise

supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Flamer has failed to meet his burden to demonstrate diversity of citizenship.  He does not allege the citizenship of the parties.  Rather, he provides only Pennsylvania addresses for himself and the Defendants, which strongly suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens.  Accordingly, he has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.  The state law claims will thus be dismissed for lack of subject matter jurisdiction.

### IV. CONCLUSION

For the stated reasons, Flamer's federal law claims is dismissed on statutory screening because they are not plausible.  However, Flamer is provided an opportunity to file an amended complaint to flesh out his claim and provide sufficient facts to "nudge" his claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.  The state law claims will be dismissed

5

without prejudice for lack of subject matter jurisdiction.  An appropriate Order follows with instructions on filing an amended complaint.


*NITZA I. QUIÑONES ALEJANDRO, J.*